ALBERT T. MCNUTT V. STATE OF NEBRASKA.

FILED MARCH 18, 1903.   No. 13,097.

1. **Burglary:** INFORMATION: DESCRIPTION OF PLACE. In an information for burglary, a drug store is properly described as "a store house, commonly called a drug store."

2. **Evidence.** Evidence found sufficient to support the allegation of the ownership of the building burglarized and property stolen.

3. **Description of Property in Information:** PROOF. In a prosecution for burglary and larceny, the proof must agree with the allegations of the information in the description of the property, but when the property stolen is described in the information as "one Elgin gold watch" and "thirty-two gold watch chains," the verdict will not be set aside as unsupported by the evidence because no witness testified that the articles were gold, if the articles are produced and offered in evidence at the trial, and there is nothing in the record to show that the jury could not determine the truth of the allegation from an inspection of the articles.

4. **Conduct of Sheriff:** EVIDENCE OF ADMISSIONS. The conduct of the sheriff, who, upon arresting one charged with crime, immediately furnishes him with intoxicating liquors and proceeds to question him for the purpose of obtaining evidence against him, is unjustifiable, and evidence of admissions made under such circumstances should be excluded.

5. **Admission of Evidence:** NOT PREJUDICIAL. But the admission of such evidence will not be held prejudicial so as to require a reversal if there is uncontradicted evidence that the defendant afterwards, when free from the influence of liquor, and without any undue influence of any kind being brought to bear upon him, made the same admissions to various other persons.

ERROR to the district court for Cedar county: GUY T. GRAVES, DISTRICT JUDGE. *Affirmed.*

*Addison M. Gooding,* for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown* and *R. J. Millard,* for the state.

SEDGWICK, J.

The defendant was convicted in the district court of Cedar county of the crime of burglary, and has brought the case here for review. The information described the building as "a certain store house, commonly called a drug store, owned and occupied by Henry D. Spork and Loyd K. Spielman." The proof was that the building was a drug store, and the question is whether, under the statute, a drug store is properly described in the information as "a certain store house, commonly called a drug store." It could not be better described under our statute. If this description is bad, no prosecution can be had for the burglary of a drug store. The statute,\* in naming the buildings that may be the subject of burglary, does not use the word "store" unconnected with the word "house," but does use the words "shop," "warehouse" and "store house," and there can be no doubt that a store building or a store house is included, and is made the subject of burglary by the statute, nor can there be any doubt that the words "store house, commonly called a drug store" sufficiently and properly described the building burglarized in this case.

2. It is contended that the proof does not show that the building and the property stolen were the building and the property of Henry D. Spork and Loyd K. Spielman. The witnesses testified that the building was owned and occupied by the firm of Spork & Spielman, and that the property stolen was the property of the firm of Spork & Spielman, and that the firm of Spork & Spielman was Loyd K. Spielman and Henry D. Spork. This, being uncon-

\* Criminal Code, sec. 48.

tradicted, is sufficient to prove that the property and building were owned and occupied by "Henry D. Spork, and Loyd K. Spielman, who were doing business under the firm name and style of Spork and Spielman," as charged in the information.

3. The property stolen was described in the information as "one Elgin gold watch, of the value of twenty-five dollars, the property of said Spork and Spielman, and thirty-two gold watch chains of the value of four dollars each, the property of said Spork and Spielman." Of course, the objection that this is not a sufficient allegation that these goods were the property of Henry D. Spork and Loyd K. Spielman is without any merit, since the words the "said Spork and Spielman" in this allegation must necessarily refer to the former allegation, in which the parties are fully named. But it is insisted that there is no evidence in the record that the watch was a gold watch or the chains were gold chains, and we find upon examination of the record that no witness testified to that effect, but the record shows that the watch and the chains were in court, and were offered in evidence before the jury, and, the jury having found that the allegations were true, this evidence must be considered sufficient to support such finding in the absence of any evidence to the contrary.

4. It is complained that the court in its instructions referred to "said Spork and Spielman" instead of naming them in full, "Henry D. Spork and Loyd K. Spielman," as owners of the property and building; but the court having first described them by their full names, might properly afterwards refer to them as "the said Spork and Spielman."

5. By instruction No. 10 the court told the jury that possession of the stolen property immediately after the offense was committed was a criminating circumstance "unless the evidence and the facts and circumstances proved show that he may have come honestly in the possession of the same," and it is urged that this places the burden upon the defendant to prove that he acquired the

goods honestly, and, as the defendant admitted upon the trial that he knew that the goods were stolen, it is urged that this instruction was prejudicial. There seems to be no reason why the jury should not consider the defendant's admissions in that regard in determining whether there was reason to believe that he obtained the property honestly.

Objection is also made to other instructions of the court, nine of them being specified in the brief as erroneous, but without pointing out any particular in which we are able to discover error. Also a number of instructions were requested by the defendant and refused by the court. Upon examination of those requested we are unable to find any substantial matter which the defendant was entitled to have given to the jury not sufficiently and properly explained in the instructions given by the court.

The state showed, by the evidence of several witnesses, admissions made by the defendant as to his connection with the burglary complained of, and it is urged that it was not sufficiently shown that no inducements were offered the defendant to procure the admissions testified to, and in this connection it is shown that immediately after the defendant's arrest, while the sheriff who arrested him was returning him to Hartington, where the crime was committed, the sheriff not only allowed the defendant to have intoxicating drinks, but himself furnished such drinks to the defendant, and afterwards questioned the defendant in regard to the offense. Such conduct on the part of the sheriff is not justifiable, and under ordinary circumstances the admitting in evidence of the testimony in regard to admissions so obtained would be erroneous and require a reversal of the judgment of conviction, but in this case the evidence of the defendant himself shows that this conduct of the sheriff was due rather to thoughtlessness than to any attempt on his part to procure damaging evidence against the defendant, and also shows that the defendant afterwards, of his own free will, repeated the same statements to several other parties, and

made other similar statements in open court upon his preliminary examination, so that it is impossible to believe that the defendant has been prejudiced by this improper conduct of the sheriff. Upon considering the whole evidence, it is difficult to see how the jury could have arrived at any other verdict than the one·reached. The trial appears to have been carefully conducted by the court with a view of protecting the defendant in all his rights.

We find no error in the record and the judgment is

AFFIRMED.